IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                                                                                                    Cr. No. 15-2846 JCH

BRANDON WALKER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Unopposed Motion To Authorize Waiver of Defendant's Presence at Sentencing Hearing*. [Doc. 41] Having reviewed the motion, briefing, transcript of the September 22, 2016 hearing, and relevant law, the Court concludes that the motion should be denied.

### PROCEDURAL BACKGROUND

On June 25, 2015, a complaint was filed charging Defendant with: Crime on Indian reservation, in violation of 18 U.S.C. § 1153, and Assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). [Doc. 1] On August 11, 2015, an indictment was filed on the same charges. [Doc. 12] On December 22, 2015, Defendant pleaded guilty to the indictment without a plea agreement. [Docs. 34, 35]

On January 22, 2016, the Court issued a *Sealed Sua Sponte Order for Evaluation of Mental Competency*, committing Defendant to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity for the proceedings to go

forward. [Doc. 36] Defendant was transferred to the Federal Medical Facility in Butner, North Carolina ("FMC-Butner"). In June 2016, the Court was advised that Defendant had been restored to competency; a forensic evaluation was filed with the Court.

On July 13, 2016 Defendant filed the *Unopposed Motion To Authorize Waiver of Defendant's Presence at Sentencing Hearing*. [Doc. 41] On July 22, 2016, the Court issued an order directing counsel to submit briefs on the issue of whether a Defendant may waive his appearance at sentencing. [Doc. 45] Defendant filed a brief on August 22, 2016. [Doc. 47]

On September 22, 2016, the Court held a hearing on the motion. The Court heard oral argument from counsel for Defendant and the Government; no evidence was presented.

## DEFENDANT'S ALLEGATIONS

Defense Counsel states that Dr. Kristina P. Lloyd, who prepared the forensic evaluation, informed him that "medical staff at FMC-Butner are concerned that transferring Mr. Walker back to the District of New Mexico, and into the custody of the United States Marshal to be detained at a local county jail, could be extremely detrimental to the mental and physical health of Mr. Walker," and that Dr. Lloyd is concerned that such a transfer "would result in an interruption of Mr. Walker's ongoing medical treatment and result in setbacks to the progress he has obtained." [Doc. 41, p. 2, ¶ 6] Defense Counsel further states that: "Dr. Lloyd fears that a local county jail, or a private facility operated by Corrections Corporation of America (CCA) is not equipped to properly care for Mr. Walker and administer required medications"; "Dr. Lloyd is concerned that Mr. Walker would be placed in solitary confinement (as was previously the case) which would be extremely damaging to his mental state"; "Dr. Lloyd worries that Mr. Walker would mentally decompensate should he be returned to the Marshal's custody, and that

he would resort to the same self-injurious behaviors that caused his referral to the federal medical facility in the first place." [Doc. 41, p. 2, ¶ 6]

Defendant states: "Based upon Dr. Lloyd's request, the parties have discussed the possibility that Mr. Walker be allowed to remain in FMC-Butner through sentencing, and then, in the event he is required to serve more time in federal custody, remain at the medical facility or be transferred directly from the medical facility to his destination in the Bureau of Prisons, bypassing the local county jail or CCA facility." [Doc. 47, p. 2, ¶ 3] "This option was initially suggested by Dr. Lloyd." [Doc. 47, p. 2, ¶ 3]

## DISCUSSION

Defense Counsel filed this motion asking the Court to permit Mr. Walker to waive his personal appearance at a sentencing hearing and to appear via videoconference. Defense Counsel states that he would travel to FMC-Butner and appear by videoconference with Mr. Walker at a sentencing hearing. [Doc. 41, p. 3] Counsel for the Government does not oppose the motion.

Defendant argues that Federal Rule of Criminal Procedure 43(c)(1)(B) permits the Court to allow Mr. Walker to waive his personal appearance at sentencing and to appear by videoconference. Defendant's position is that "Rule 43(c)(1)(B)'s 'voluntarily absent' language incorporates the situation where defendant knowingly and voluntarily waives his presence at sentencing." [Doc. 47, pp. 5-6, ¶ 11] Defense Counsel represents that the Court could ascertain, via videoconference, whether Mr. Walker's waiver of his right to personally appear at sentencing was knowing and voluntary. [Doc. 47, p. 6, ¶ 12] Defense Counsel argues that the "circumstances in this case are extraordinary," and suggests that if transferred for sentencing, Mr.

Walker might "quickly lose that competency prior to sentencing, forcing further delays for additional treatment and evaluations." [Doc. 47, p. 6, ¶ 13]

The Tenth Circuit has held that "presence" at sentencing means physical presence in court. *United States v. Torres-Palma*, 290 F.3d 1244, 1245 (10th Cir. 2002); *see United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012) (stating that "every federal appellate court to have considered the question has held that a defendant's right to be present requires physical presence and is not satisfied by participation through videoconference"). *Torres-Palma* held that the use of videoconferencing at sentencing violates the provision of Federal Rule of Criminal Procedure 43, which requires a defendant to be "present" at the imposition of sentence. *Torres-Palma*, 290 F.3d at 1245.

Considering a prior version of Rule 43 (before the 2011 amendment[1]), the Tenth Circuit held that, although Rule 43 allows some exceptions, none explicitly permits the use of videoconferencing. *Id*. *Torres-Palma* recognized that it should not elevate form over substance but "there is significant substance here to inform our decision," and held that "video conferencing for sentencing is not within the scope of a district court's discretion." *Id*. at 1246, 1248 (emphasis added). The Tenth Circuit stated that "Rule 43 vindicates a central principle of the criminal justice system, violation of which is *per se* prejudicial." *Id*. at 1248. The Court explicitly rejected the government's argument for a flexible interpretation of Rule 43. *Id*. at 1247-48 (the issue in that case being whether visiting judges could sentence by videoconference after they have returned to their home districts). "Although convinced of the need for and the benefits of technology to facilitate expeditious disposition of the ever-growing caseloads in federal courts, we find ourselves unable to reach any conclusion other than the word, 'present,' in the context of Rule 43, means the defendant must be physically present before the sentencing

---

[1] The 2011 amendment added current Rule 43(b)(2) allowing videoconferencing for a misdemeanor offense.

court." *Id*. at 1245.  The Tenth Circuit concluded:  "We believe the only relief from this result is a redrafting of the language of Rule 43." *Id*. at 1248.

At the September 22, 2016 hearing, the Government argued that the threat to Defendant's wellbeing and competence should be balanced against the requirements of Rule 43, and that this case is within the "very limited area" in which the Rule allows a waiver of physical presence. [Tr. 9/22/16, pp. 10-11]  The Government's argument that a flexible approach should be taken, and that the Court can apply a balancing test, was expressly rejected by the Tenth Circuit in *Torres-Palma*.

Defendant attempts to distinguish *Torres-Palma* by pointing out that the defendant in that case objected to sentencing by videoconference.  *Id*. at 1245.  But, given the language and reasoning of *Torres-Palma*, this distinction does not allow a different result.  Approving the analyses of *Lawrence* and *Navarro*, the Tenth Circuit held that these "very persuasive" analyses of the rule "will not support a flexible reading of Rule 43." *Torres-Palma*, 290 F.3d at 1247-48; *United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001); *United States v. Navarro*, 169 F.3d 228 (5th Cir. 1999).  The government in *Torres-Palma* argued that the Tenth Circuit should apply a "harmless error-prejudice analysis" because the defendant could not show that he was prejudiced by the videoconference, although he objected to it.  *Torres-Palma*, 290 F.3d at 1248.  The Tenth Circuit rejected this argument, saying that the Court saw "the harmless error argument as simply another face to the contentions advanced by the government in *Navarro* and *Lawrence* that Rule 43(a) should be broadly construed" and subjected to a flexible reading.  *Id*.  The Tenth Circuit held that Rule 43 is not subject to a flexible reading, that "the only relief from this result is a redrafting of the language of Rule 43," and that "video conferencing for sentencing <u>is not within the scope of a district court's discretion</u>."  *Id*. (emphasis added).

In a well-reasoned and persuasive opinion, Judge Browning denied a defendant's <u>unopposed</u> motion to allow waiver of the right to be personally present and to appear by videoconference at sentencing. *United States v. Jones*, 410 F. Supp. 2d 1026 (D.N.M. 2005) (considering Rule 43 before 2011 amendment). The defendant in *Jones* had signed a written waiver, stating that he did not want to risk his health by returning to New Mexico. *Id*. at 1029. Stating that the issue was whether a defendant can consent to sentencing by videoconference, Judge Browning concluded that under *Torres-Palma*, Rule 43 still does not allow sentencing by videoconference when the motion is unopposed. "The Tenth Circuit has stated that a district court has no discretion to use video conferencing for sentencing." *Id*. *Jones* observed that the provisions of other rules support this result. Federal Rule of Criminal Procedure 10(c) (arraignment) and Federal Rule of Criminal Procedure 5(f) (initial appearance) both expressly authorize videoconferencing if the defendant consents. Judge Browning reasoned that the lack of express authorization for sentencing by videoconference shows that it is not allowed:

> If the drafters wanted to allow video conferencing for the precise situation here, they knew how to do it; the fact that they did not do so suggests that the Court should not create a provision similar to rule 10(c) and rule 5(f) for rule 11 (Pleas) and for rule 32 (Sentencing).

*Jones*, 410 F. Supp. 2d at 1030; *cf. United States v. Melgoza*, 248 F. Supp. 2d 691, 692 (S.D. Ohio 2003) (citing reasoning of *Jones* and denying defendants' motions to enter pleas by videoconference); *United States v. Wise*, 489 F. Supp. 2d 968, 970 (D.S.D. 2007) (same).

*Jones* rejected the parties' argument that *Torres-Palma* was distinguished because there the defendant objected, while in *Jones* the defendant consented. Judge Browning stated that "the Tenth Circuit in *Torres-Palma* did not base its opinion on consent." *Jones*, 410 F. Supp. 2d at 1030. The Court concludes that *Jones* is persuasive, and its analysis is sound.

Since *Torres-Palma* and *Jones* were decided, Rule 43 has been amended. But the amendment only strengthens the analysis and conclusion of these cases. Rule 43(b)(2) allows videoconferencing for arraignment, plea, trial, and sentencing—but only for misdemeanor offenses. Fed. R. Crim. P. 43(b)(2) (amended in 2011). The Court concludes, on the same reasoning as *Torres-Palma* and *Jones*, that express authorization for videoconferencing in some situations indicates that it is not allowed in other situations; again, the drafters could have expressly allowed videoconferencing for sentencing on felonies when they amended Rule 43 in 2011—but they did not do so. After the amendment, this Court is still bound to follow the Tenth Circuit's holding in *Torres-Palma* that a district court lacks discretion to use videoconferencing when the rules do not authorize it.

Defendant argues that because a defendant can waive most basic constitutional rights, he can waive physical presence at sentencing. As *Jones* reasoned, however, Rule 43 remains a rule that the Court must follow, and "Congress may afford greater protection to a defendant's right to be present at sentencing, by not allowing certain types of waiver, whereas the Constitution might not prohibit it." *Jones*, 410 F. Supp. 2d at 1030-31.

Defendant's argument that Rule 43(c)(1)(B) expressly allows him to waive his presence also ignores the history of this provision:

> **(c) Waiving Continued Presence.**
>
> **(1) In General.** A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:
> . . . .
> **(B)** in a noncapital case, when the defendant is voluntarily absent during sentencing; . . .

The advisory committee notes show that this provision was intended, not to allow a defendant to execute an express waiver of presence, but instead to allow sentencing in absentia when a

7

defendant "voluntarily flees before sentencing."  The advisory committee notes to the 1995 amendments to Rule 43 state:

### 1995 Amendments

The revisions to Rule 43 focus on two areas.  First, the amendments make clear that a defendant who, initially present at trial or who has entered a plea of guilty or nolo contendere, but who <u>voluntarily flees before sentencing</u>, may nonetheless be sentenced in absentia. . . .
. . . .
**Subdivision (b).**[2]  The changes in subdivision (b) are intended to remedy the situation where a defendant <u>voluntarily flees before sentence is imposed</u>.  Without the amendment, it is doubtful that a court could sentence a defendant who had been present during the entire trial but <u>flees before sentencing</u>.  Delay in conducting the sentencing hearing under such circumstances may result in difficulty later in gathering and presenting the evidence necessary to formulate a guideline sentence.

(Emphasis added.)  The purpose of the provisions in Rule 43(c)(1) regarding "voluntary absence" is to prevent the defendant from obstructing trial and sentencing by absconding.  *See* Charles Alan Wright et al., *Federal Practice & Procedure* § 724 (4th ed. updated 2016).  If the drafters had intended to allow an express waiver of presence for sentencing on a felony, they could have drafted a straightforward provision saying that the defendant can execute a knowing and voluntary waiver, instead of referring to situations in which a defendant is "voluntarily absent."  Or the drafters could have included explicit language like that in Rule 43(b)(2) allowing videoconference for misdemeanors.

The Court again finds the analysis of *Jones* persuasive.  Judge Browning rejected the argument that sentencing by videoconference should be allowed because Rule 43(c)(1)(B) allowed a defendant to waive his presence altogether, observing that the advisory committee notes show that Rule 43(c)(1)(B) was intended to allow sentencing in absentia of a defendant who absconded before sentencing.  *Jones*, 410 F. Supp. 2d at 1032.  *Jones* concluded that the

---

[2] The note refers to Subdivision (b), which is currently Rule 43(c)(1)(B).  Rule 43(c)(1)(A) also includes a provision on voluntary absence, from trial.

waiver "contemplated by rule 43(c)(1)(B) does not include waiver for good cause or extraordinary circumstances." *Id*. In *Jones*, the defendant was treated at the Albuquerque Heart Hospital and transported to Columbia Care Center in Columbia, South Carolina when his condition worsened; the defendant's doctors advised that court proceedings take place via videoconference. *Id*. at 1032 n.3 (although it appeared defendant's health would not be in danger with some precautions). Judge Browning observed that the parties did not cite cases giving the Court power to allow the defendant to be absent from sentencing based on his poor health, and stated: "[N]either the Tenth Circuit nor the Supreme Court of the United States has recognized an exception to the presence requirement based on poor health or good cause." *Id*. at 1032. *Jones* concluded that waiver was not available based on poor health, and "video conferencing is not a lesser included means of waiver." *Id*.

Some cases observe that the Rules may afford greater protection than the Constitution, and observe that there is also a public interest in sentencing proceedings. *See*, *e.g.*, *United States v. Thomas*, 2007 WL 1521531, at *1 (D.S.D. May 21, 2007); *State v. Tedesco*, 69 A.3d 103, 112–14 (N.J. 2013) (listing as public interests which may be adversely affected by allowing defendant to waive physical presence at sentencing: interest in the effective and fair administration of justice which calls for resolving matters fairly, openly, and expeditiously, in the presence of all parties and counsel, and in a way that promotes respect for our system of justice; holding defendants publicly accountable for their actions once they have been convicted at a fair trial; interest of victims; and the state's interest in deterring others); *Jones*, 410 F. Supp. 2d at 1031. The Tenth Circuit recognized that "Rule 43 vindicates a central principle of the criminal justice system, violation of which is *per se* prejudicial." *Torres-Palma*, 290 F.3d at 1248. Defendant's argument does not ask the Court to consider any public interest.

Authority cited by Defendant is not persuasive.[3]

Defendant cites *United States v. Boykin*, 222 F. Supp. 398 (D. Md. 1963). [Doc. 47, p. 5, ¶ 11] This is a cursory old case rarely cited. The defendant was a patient with heart trouble, whose doctors advised that he should remain hospitalized and that it would be extremely dangerous to leave the hospital to attend sentencing. The court stated: "Without question, the spirit if not the letter of Rules 43 and 32(a), F.R. Crim. P., requires that ordinarily the defendant should be present when sentence is imposed, except in the cases specially provided for in Rule 43." *Id*. at 399. The court concluded, however, that "justice and mercy alike dictate" that the defendant's waiver should be accepted and sentence imposed in his absence. *Id*.

Defendant cites a Seventh Circuit case, *United States v. Salim*, 690 F.3d 115 (7th Cir. 2012). [Doc. 47, pp. 4-5, ¶¶ 9-11] *Salim* relied—without any analysis—on the language of Rule 43(c)(1)(B) as showing that "a defendant may waive his right to be present as long as that waiver is knowing and voluntary." *Id*. at 122. *Salim* did not consider the history of the 1995 amendment adding this section; without any analysis, *Salim* is not persuasive. If the drafters intended to allow a "knowing and voluntary waiver" in Rule 43(c)(1)(B), they could have straightforwardly used that language; instead, they included language to cover the situation when a defendant flees before sentencing—as the notes to the 1995 amendment state. Nor does *Salim* address the argument that, if the drafters intended to allow videoconferencing for felony sentencing, why they did not simply say so when they added the provision allowing videoconference for misdemeanors in Rule 43(b)(2). In addition, as Defendant acknowledges, the Seventh Circuit expressly disagreed with the Tenth Circuit's holding in *Torres-Palma* that a violation of the right to be present is "*per se* prejudicial." *Salim*, 690 F.3d at 122-24; *Torres-*

---

[3] Defendant also cites an old and superseded edition of Wright, *Federal Practice & Procedure* § 723. [Doc. 47, p. 5, ¶ 11]

10

*Palma*, 290 F.3d at 1248. The Seventh Circuit instead applied plain error review for the unpreserved error. *Salim*, 690 F.3d at 122-24.

Defendant argues that "*Salim* provides authority for this Court to grant Mr. Walker's request." [Doc. 47, p. 5, ¶ 11] But Tenth Circuit precedent is directly opposed to *Salim* and *Boykin*. Defendant fails to distinguish his case from *Torres-Palma*.

At the September 22, 2016 hearing, the Court observed that the recommendation of the medical facility included a reference to some precautions that could be taken if Defendant were to return to New Mexico to personally appear at sentencing. [Tr. 9/22/16, pp. 12-13] The medical facility expressed concern that Defendant's medical regimen be followed, and stated that additional caution should be exercised to ensure the safety of Defendant and others. [Tr. 9/22/16, p. 13] The Court stated that it appeared that certain precautions could be taken to avoid the predicted potential harm. [Tr. 9/22/16, pp. 13, 16] Counsel discussed some ways in which to handle Defendant's transfer to New Mexico, to address concerns expressed by the medical facility. [Tr. 9/22/16, pp. 17-19] The Court also observed that Defendant's case was not as compelling as the facts of the *Jones* case. [Tr. 9/22/16, pp. 11-12]

The Court has carefully reviewed the record in this case, including the arguments and representations of counsel in the pleadings and in the September 22, 2016 hearing. The Court does not find at this time that the negative consequences suggested by Dr. Lloyd could not be prevented by reasonable and adequate accommodations, or that there are no possible precautions to ensure that Defendant is treated appropriately so that he does not decompensate or harm himself. The Court disagrees with Defense Counsel's assertion that this case involves "extraordinary circumstances" in which nothing can be done.

## CONCLUSION

The Court concludes that it is bound by the Tenth Circuit's opinion in *Torres-Palma*. The Tenth Circuit expressly rejected a flexible interpretation of Rule 43. *Torres-Palma*, 290 F.3d at 1247-48. The Court held that "the word, 'present,' in the context of Rule 43, means the defendant must be physically present before the sentencing court." *Id*. at 1245. The Tenth Circuit concluded: "We believe the only relief from this result is a redrafting of the language of Rule 43." *Id*. at 1248. The Tenth Circuit held that "video conferencing for sentencing is <u>not within the scope of a district court's discretion</u>." *Id*. at 1248 (emphasis added). Since *Torres-Palma* was decided in 2002, Rule 43 has been amended; however, as discussed above, those amendments only strengthen the analysis and conclusion of the Tenth Circuit in *Torres-Palma*.

Even if the Court were to find that transferring Defendant to New Mexico to personally appear at sentencing might result in some harm or decompensation, the Court concludes that it is bound by Tenth Circuit precedent and has no discretion to allow Defendant to appear at sentencing by videoconference. The Court therefore denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's *Unopposed Motion To Authorize Waiver of Defendant's Presence at Sentencing Hearing* [Doc. 41] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**